# UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS WASHINGTON, D.C.

Before
R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD
Appellate Military Judges

UNITED STATES OF AMERICA

v.

KENDALL R. JONES
CORPORAL (E-4), U.S. MARINE CORPS

NMCCA 201300349
GENERAL COURT-MARTIAL

**Sentence Adjudged:** 15 May 2013.
**Military Judge:** Maj Nicholas Martz, USMC.
**Convening Authority:** Commanding General, 2d Marine Division, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation:** Maj J.N. Nelson, USMC.
**For Appellant:** CDR R.D. Evans, JAGC, USN.
**For Appellee:** Maj David Roberts, USMC; LT Ann Dingle, JAGC, USN.

**31 March 2014**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of making a false official statement, aggravated sexual assault, and adultery, in violation of Articles 107, 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 807, 920 and 934. The military judge sentenced the appellant to five years'

confinement, reduction to pay grade E-1, total forfeitures, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged except for the adjudged forfeitures, which were disapproved in accordance with a pretrial agreement (PTA). Additionally, in accordance with the PTA, the CA suspended all confinement in excess of forty-two months and waived automatic forfeitures for six months from the date of his action, provided that the appellant created and maintained an allotment to his wife.

The appellant's sole assignment of error is that he suffered prejudice because the military judge's order to sequester the Government's sentencing witnesses from the appellant's providence inquiry is not adequately reflected in the record of trial. We disagree.

After careful consideration of the record of trial, the appellant's assignment of error, the pleadings of the parties and the declaration of trial counsel, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

Pursuant to a PTA, the appellant agreed to plead guilty to an aggravated sexual assault where the victim had passed out and was unconscious due to excessive alcohol consumption, and had little recollection of the events that occurred before or during the assault. Her husband was away on pre-deployment training, but she called him the next day, describing her injuries and conveying that she suspected that it was the appellant who sexually assaulted her. The Government called both the victim and her husband as witnesses in aggravation at trial to testify as to victim impact.

Prior to the providence inquiry, trial counsel made a motion to allow the victim and her husband to remain in the courtroom for the remainder of the proceedings. Trial defense counsel (TDC) objected, arguing that their presence during the providence inquiry would materially affect their sentencing testimony. TDC further claimed that the witnesses' respective testimony would also be affected if they were exposed to each other's sentencing testimony.

Upon hearing argument from both sides, the military judge determined that the testimony of both the victim and her husband

2

"may very well be materially affected by what they hear from the accused"[1] and ruled that: 1) both witnesses be excluded from hearing the providence inquiry; and 2) the husband be excluded from hearing his wife's testimony during the presentencing phase of the court-martial.[2]

After the military judge issued his sequestration ruling, the court recessed for three minutes before going back on the record, at which time the appellant entered pleas, and the military judge conducted the providence inquiry. From this point in the record, until the victim is called to testify, there is no indication from the record as to whether she or her husband were or were not present in the courtroom during the providence inquiry. Nor is there any point in the record during the providence inquiry where trial counsel, the TDC, or the military judge made any mention that either witness remained in the court-room contrary to his ruling. However, a post-trial declaration from the trial counsel indicates that neither witness was present for the providence inquiry after trial counsel non-verbally directed both witnesses to depart the courtroom "either shortly before or shortly after the accused was sworn."[3] At the conclusion of the providence inquiry, there was a brief recess, followed by a review of Part I of the PTA on the record. Just prior to the beginning of Government's sentencing case the record of trial notes that that "[the witnesses exited the courtroom.]"[4] Soon thereafter, the victim was called to testify, while her husband remained outside of the courtroom until he was called.

**Discussion**

When requested, a military judge shall exclude witnesses from the courtroom "so that they cannot hear the testimony of other witnesses." MILITARY RULE OF EVIDENCE 615, MANUAL FOR COURTS-

---

[1] Record at 118.

[2] The appellant claims that only the first part of the military judge's sequestration order was not followed. He does not dispute that the witnesses complied with the judge's ruling that the husband be excluded from the courtroom during his wife's testimony. Record at 158, 180. Appellant's Brief of 12 Nov 2013 at 6.

[3] Government Motion to Attach of 16 Jan 2014, Post-Trial Declaration of Trial Counsel dtd 15 Jan 2014.

[4] Record of Trial at 158.

3

MARTIAL, UNITED STATES (2012 ed.). The purpose of this sequestration rule is to prevent witnesses from shaping their testimony to match another's and to discourage fabrication and collusion. *United States v. Lofton*, 69 M.J. 386, 391 (C.A.A.F. 2011). Assuming *arguendo* that the military judge's sequestration order was proper,[5] we are not convinced that it was violated. Trial counsel's post-trial declaration, which remains unrebutted by the appellant, further convinces this court that the order was followed.

Even assuming *arguendo* that both witnesses had remained in the courtroom for the providence inquiry, we find no prejudice. In order to prove prejudice under this rule, the appellant must prove that "the witness's testimony was affected by the trial proceedings that the witness heard." *United States* v. *Quintanilla*, 63 M.J. 29, 38 (C.A.A.F. 2006).

Here, the victim did not discuss details of the crime during her testimony and maintained, as she had throughout the proceedings, that she had no memory of the night in question.[6] Likewise, her husband's testimony was limited to describing the impact of the sexual assault on their lives and their marriage.[7] Clearly, their testimony was limited to victim impact, and was in no way affected by their assumed "presence" in the courtroom during the appellant's providence inquiry. Even assuming the military judge's sequestration order was not followed, we find no prejudice.

---

[5] In 2002, the President amended MIL. R. EVID. 615 to extend to victims at court-martial the same statutory rights as victims in federal criminal cases, including the general right to be present at court proceedings relating to the offense. *See* MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Analysis of MIL. R. EVID. 615, App. 22, at A22-51. For purposes of this rule, the term "victim" includes those persons "defined as victims in 42 U.S.C. § 10607(e)(2), which means 'a person that has suffered direct physical, emotional, or pecuniary harm as a result of the commission of a crime. . .'" *Id*. quoting 42 U.S.C. § 10607(e)(2). Thus both the victim of the sexual assault in this case and her husband were entitled to remain in the courtroom during the providence inquiry.

[6] Record of Trial at 162.

[7] Record of Trial at 180-86.

**Conclusion**

The findings and the sentence as approved by the convening authority are affirmed.

For the Court



R.H. TROIDL
Clerk of Court